### SETON *v.* CLARK.

(*Supreme Court, General Term, Second Department.* December 14, 1891.)

1. APPEAL—WEIGHT OF EVIDENCE.

　In an action for the use and occupation of city lots, and for damages for filling in the same with refuse, defendant set up a contract for the use of the lots by him for such purpose. *Held* that, on conflicting evidence as to the existence of such contract, a judgment for plaintiff would not be disturbed.

2. USE AND OCCUPATION—RECOVERY ON CONTRACT.

　In an action for use and occupation of certain premises, and for injuries resulting therefrom, defendant claimed to have held the premises under a contract. *Held,* that a refusal to instruct the jury that, if there was a contract, they must find for defendant, was no ground for reversal.

Appeal from circuit court, Kings county.

Action by John Seton against Heman Clark for use and occupation of certain lots of land owned by plaintiff, and for injuries to the lots resulting therefrom. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Edward T. Lovatt,* for appellant. *J. Stewart Ross,* for respondent.

BARNARD, P. J. The plaintiff owns certain lots in the city of Brooklyn. The defendant entered into the possession of these lots. While the defendant was in possession of the premises he filled in the lots with refuse filling. The plaintiff claims that the entry by defendant was without his permission, and that the filling injured the lots; and he demands judgment for the use and occupation, and for the injury resulting from the filling. The defendant avers a contract at five dollars per month, and that the use was to be for his purposes. The evidence was as conflicting as the pleadings. There was proof tending to show that a lease was refused by plaintiff, and that the entry was consequently wrongful, and the filling injurious and unauthorized. The defendant produced evidence that there was a lease for $15 per month, and the question of fact went to the jury, who found for the plaintiff. No rent had been paid. It was claimed that rent had been tendered and refused. There is no basis for a reversal of the judgment. The demand of the use and occupation of the lots as a part of the compensation for the trespass was right, if there was a trespass; and, if there was a contract, such a claim would not prevent a recovery of the agreed price, if one was proven. The refusal to charge that the jury must find for the defendant if there was a contract was right. The action must be sustained under the second cause of action if there was a mere contract of lease, and an injury done to the property which the contract did not authorize. The proof showed that the lots were filled in where the houses are usually built in cities; that the filling was some 10 feet deep. The quantity of refuse was proven, and what it would take to excavate it was also proven. Every fact necessary for correct judgment was given. The verdict of the jury is fully sustained by the evidence, and the judgment should be affirmed, with costs. All concur.